**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JORDAN ZITO,

Plaintiff

v.

KARMA BOX PROJECT, et al.,

Defendants

Case No.: 3:26-cv-00268-ART-CSD

**Order**

Re: ECF Nos. 1, 1-1, 3, 4

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and a pro se complaint (ECF Nos. 1-1, 1-2). He has also filed two documents objecting to the magistrate judge. (ECF Nos. 3, 4.)

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Plaintiff's Complaint**

Plaintiff has filed a complaint captioned "State of Nevada in relation to Jordan Zito v. Karma Box Project, VOA, Nevada Cares Campus, United States Senate." The 44-page complaint and civil cover sheet indicate the case is removed from state court and list several different nature of suit codes, including antitrust, labor litigation, civil rights, and libel. (*See* ECF Nos. 1-1 at 1, 1-2.) But the complaint is entitled "Complaint Chapter 7 Involuntary Bankruptcy (Liquidation option)." (ECF No. 1-1 at 1.) Attached to the complaint is a complaint captioned for the Second Judicial District Court, ostensibly filed by Plaintiff against the same defendants. (ECF No. 1-1 at 46-73.) It does not contain any case number.

To begin, Plaintiff cannot remove a civil action he himself initiated in state court, even if he had followed the correct procedural steps for doing so, which he did not. *See* 28 U.S.C. § 1446.

Second, to the extent Plaintiff is filing a bankruptcy petition, Plaintiff must file his petition in the U.S. Bankruptcy Court for the District of Nevada. *See* 28 U.S.C. § 157; L.R. Bankr. Prac. 1001(b).

Finally, Federal Rule of Civil Procedure 8 requires pleadings to contain

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The rule further requires allegations in pleadings to be "simple, concise, and direct." *Id.* at 8(d).

Plaintiff's complaint does not comply with Rule 8. It does not clearly identify any claims for relief or the type of relief sought and is not simple, concise and direct. The complaint is, for the most part, unintelligible. Plaintiff's complaint will therefore be dismissed. The court will provide Plaintiff with a form complaint to assist him in structuring his claims and grant Plaintiff leave to file an amended complaint, should he so choose.

## III. OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATIONS

Plaintiff also filed two documents entitled "Objections to Magistrate's Report and Recommendations." (ECF Nos. 3, 4.) The undersigned has not entered any reports and recommendations in this case, so what Plaintiff is objecting to is unclear.

To the extent Plaintiff's filings object to the involvement of the magistrate judge in this action, the court notes that

> under 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, "a magistrate judge's jurisdiction over any pretrial nondispositive matters ... is not contingent

> on litigant consent." *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003). Nor is consent needed before a district court can refer dispositive matters for report and recommendation. *See Mitchell v. Valenzuela*, 791 F.3d 1166, 1169 (9th Cir. 2015) ("As to any dispositive matter, the magistrate judge is authorized, absent consent, only to issue a report and recommendation to the district judge ...."); *Active Way Int'l Ltd. v. Smith Elec. Vehicles Corp.*, No. 17-MC-80118-EMC, 2018 WL 551602, at *2 (N.D. Cal. Jan. 25, 2018) ("It is precisely when the parties do not consent to a magistrate judge's jurisdiction that the magistrate judge must prepare a report and recommendation on dispositive motion." (emphasis added))."

*Johnson v. O'Malley*, No. 23-CV-481 JLS (AHG), 2024 WL 3567404, at *2 (S.D. Cal. July 29, 2024). Accordingly, to the extent Plaintiff objects to the undersigned handling any aspect of this case, the objection is without merit.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## IV. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF Nos. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) The Clerk shall **SEND** Plaintiff a copy of the form for a *pro se* civil complaint.

(54) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the court may recommend that this action be dismissed.

**IT IS SO ORDERED**.

Dated: August 11, 2026

Craig S. Denney
United States Magistrate Judge