**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JORDAN ZITO,<br>Plaintiff<br>v.<br>KARMA BOX PROJECT, et al.,<br>Defendants | Case No.: 3:26-cv-00268-ART-CSD<br>**Report & Recommendation of United States Magistrate Judge**<br>Re: ECF No. 6 |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

**I. BACKGROUND**

Plaintiff filed a pro se complaint on April 14, 2026. The court dismissed the complaint without prejudice, with leave to amend, and granted Plaintiff thirty days within which to file an amended complaint. Plaintiff has not done so, and the time for doing so has expired. Accordingly, the court hereby recommends the District Judge enter an order dismissing this action without prejudice.

**II. SCREENING**

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint in this matter was captioned "State of Nevada in relation to Jordan Zito v. Karma Box Project, VOA, Nevada Cares Campus, United States Senate." The 44-page complaint and civil cover sheet indicated the case was removed from state court and listed several different nature of suit codes, including antitrust, labor litigation, civil rights, and libel. (*See* ECF Nos. 1-1 at 1, 1-2.) But the complaint was entitled "Complaint Chapter 7 Involuntary Bankruptcy (Liquidation option)." (ECF No. 1-1 at 1.) Attached to the complaint was a complaint captioned for the Second Judicial District Court, ostensibly filed by Plaintiff against the same defendants. (ECF No. 1-1 at 46-73.) It did not contain any case number.

The court dismissed the complaint with leave to amend on several grounds.

First, Plaintiff could not remove a civil action he himself initiated in state court, even if he had followed the correct procedural steps for doing so, which he did not. *See* 28 U.S.C. § 1446.

Second, to the extent Plaintiff was filing a bankruptcy petition, Plaintiff must file his petition in the U.S. Bankruptcy Court for the District of Nevada. *See* 28 U.S.C. § 157; L.R. Bankr. Prac. 1001(b).

Finally, Federal Rule of Civil Procedure 8 requires pleadings to contain

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The rule further requires allegations in pleadings to be "simple, concise, and direct." *Id.* at 8(d).

Plaintiff's complaint did not comply with Rule 8. It did not clearly identify any claims for relief or the type of relief sought and was not simple, concise and direct. The complaint was, for the most part, unintelligible.

Accordingly, the court recommends this action be dismissed for failure to state a claim.

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for

consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

**IT IS SO ORDERED**.

Dated: September 17, 2026

Craig S. Denney
United States Magistrate Judge